# IN THE COURT OF APPEALS OF IOWA

No. 20-1345
Filed November 23, 2021

**NICHOLAS SEAN BLAUFUSS,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.
_____

　　Appeal from the Iowa District Court for Des Moines County, Michael J. Schilling, Judge.

　　Applicant appeals from the denial of his application for postconviction relief. **AFFIRMED.**

　　Curtis Dial of Law Office of Curtis Dial, Keokuk, for appellant.

　　Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee State.

　　Considered by Tabor, P.J., and Greer, J. and Danilson, S.J.*

　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**GREER, Judge.**

Nicholas Blaufuss applied pro se for postconviction relief (PCR), centering his claim of ineffective assistance of counsel on his trial attorney's failure to call certain witnesses. Upon submission of a stipulated record and written arguments, the district court denied the application.[1] On appeal, Blaufuss urges he was prejudiced by his trial counsel's failure to call witnesses who would have provided a "quasi alibi" and rebutted the testimony of the victim, D.J., which would have impacted D.J.'s credibility with the jury.[2] We affirm the district court's dismissal.

**Standard of Review.**

"Generally, an appeal from a denial of an application for [PCR] is reviewed for correction of errors at law." *Perez v. State*, 816 N.W.2d 354, 356 (Iowa 2012) (quoting *Goosman v. State*, 764 N.W.2d 539, 541 (Iowa 2009)). "However, when the applicant asserts claims of a constitutional nature, our review is de novo. Thus, we review claims of ineffective assistance of counsel de novo." *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001) (citation omitted).

**Analysis.**

Known as the *Strickland* factors, a PCR applicant must prove both breach of duty and prejudice to establish ineffective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). Proof is required by a preponderance of

---

[1] The depositions of Blaufuss and of his trial counsel were exhibits in the PCR proceeding.

[2] Blaufuss was charged and convicted of three counts of third-degree sexual abuse against a twelve to thirteen-year old. The facts are fully summarized in *State v. Blaufuss*, No. 15-2174, 2016 WL 6396345, at *1 (Iowa Ct. App. Oct. 26, 2016), but important for this action, the allegations were that sexual abuse occurred between August and October 2014. The conviction was affirmed on appeal.

the evidence. *Ledezma*, 626 N.W.2d at 142. "We may affirm the district court's rejection of an ineffective-assistance-of-counsel claim if either element is lacking." *Lamasters*, 821 N.W.2d at 866 (citation omitted). And we presume the attorney performed competently. *Strickland*, 466 U.S. at 689.

With those concepts in mind, we turn to the developed claims on appeal. Blaufuss contends he needed his then-current girlfriend and his mother to testify at his trial as part of his defense. He told his attorney to call them; his attorney did not. Blaufuss argues that lack of diligence equals ineffective assistance of counsel and had the witnesses been called, the result of the trial would have been different. He agrees with his trial counsel that it was a "he said/she said" case, so the credibility determination of all witnesses was critical. Thus, he was prejudiced.

But we first note that neither proposed witness provided testimony in the PCR proceeding. So we have no detail to gauge how that testimony might have impacted the trial. Instead, through a deposition, Blaufuss told the PCR court that "at the time I was accused of doing what I allegedly did, I wasn't even living in that house."[3] Contrary to that position, Blaufuss testified at the criminal trial that he lived at the Chipman home in the garage or in his tent, but disputed moving in around August. Instead, he admitted being at the home from September until October.

> Q. Well, there's been testimony that you were in there as early as late August; who's got the faulty memory? A. I—I could have been moved in somewhere between mid of September to early October, but it wasn't August that I moved in there. It was long after August.

---

[3] The house belonged to Don Chipman.

Likewise, other witnesses, both the investigating officer and D.J.'s mother, testified and confirmed that Blaufuss stayed at the home either in the garage or in a tent during at least part of the time established as the abuse timeline. While Blaufuss argues his witnesses could have poked yet another hole in D.J.'s testimony, the trial record refutes his PCR testimony. To suggest his trial counsel could have improved upon his credibility with the jury by producing witnesses to contradict his own testimony is illogical.

The deposition of trial counsel became part of the PCR record. Trial counsel could not recall any proposed witnesses that Blaufuss identified. And he opined that he does not automatically call a suggested witness because "often, for what little bit of help they might offer, they also bring along a lot of baggage." Instead, trial counsel described his trial strategy as one of "he said/she said" with a focus on the victim's inconsistent statements. And in fact, that strategy played out in the trial. *See Blaufuss*, 2016 WL 6396345, at *4 (noting "[t]he defense strategy was to discount *all* of D.J.'s accusations against Blaufuss"). We cannot say that the trial strategy employed by Blaufuss's trial counsel was outside the standard of a reasonably competent attorney. *See State v. Coleman,* 907 N.W.2d 124, 141 (Iowa 2018).

Given this record and the reasonable trial strategy employed by Blaufuss's trial counsel, we find Blaufuss failed to prove by the preponderance of the evidence that his trial counsel performed deficiently. *See Ledezma*, 626 N.W.2d at 143 (finding that miscalculated trial strategies do not rise to the level of ineffective assistance of counsel). Because we need not reach the prejudice prong, we affirm the dismissal of the PCR claim without further consideration. *See State v. Russell,*

897 N.W.2d 717, 730 (Iowa 2017) ("[I]f one prong is not met, the other need not be addressed.").

**AFFIRMED.**